

Home Instead, Inc.
13323 California St.
Omaha, Nebraska 68154
USA
402.498.4466
888.484.5759
Fax: 402.498.5757
homeinstead.com

April 23, 2020

**EMAIL & REGULAR MAIL**

Kym Pazurek
Kymberley's Tender Care LLC
dba Home Instead Senior Care®
1601 Caledonia Street, Suite J
La Crosse, WI  54603
Kym.pazurek@homeinstead.com

Re:   **Notice of Termination**
      **Home Instead Senior Care Franchise No. 635 ("Notice")**

Dear Kym:

Reference is made to that certain Franchise Agreement No. 635, dated May 8th, 2016 (the "Franchise Agreement") entered into between Home Instead, Inc. ("Home Instead"), as Kymberley's Tender Care, LLC ("Franchisee"), as franchisee. Pursuant to the Franchise Agreement, Home Instead granted Franchisee the right to operate a Home Instead Senior Care Business (the "Franchised Business") within the Exclusive Area in Wisconsin described in the Franchise Agreement. Kymberley Pazurek is the individual guarantor ("Guarantor") of the obligations of Franchisee under the Franchise Agreement, by execution of that certain Guaranty and Assumption of Obligations Agreement, dated May 8th, 2016, which is attached to the Franchise Agreement.

The following material defaults in performance have occurred under the Franchise Agreement:

1. Franchisee failed to achieve and maintain the mandated minimum Gross Sales Performance Standard for the Franchised Business, as set forth in Section 1(H)(ii) of the Franchise Agreement and the Addendum, of $74,750 Gross Monthly Sales per month, or 3,450 monthly hours of service, by the twelfth year of operation. Franchisee has been in business for more than twelve years, and in fact, Franchisee's Performance Standard is set to increate as of May 8th, 2020. Currently, Franchisee has reported a monthly average of approximately $37,314 in monthly sales and 1,193 monthly hours of service for the last three reported months of January through March 2020.

2. Franchisee failed to comply with Section 8(E) of Franchise Agreement, requiring Franchisee to provide Home Instead with the Gross Sales information for Royalty Fee Reports on or before the 8th and 23rd days…following the previous reporting period. Franchisee has neglected on numerous occasions to finalize

**EXHIBIT 1**

all shifts in its business operating system, requiring Home Instead to request multiple times and interrupting the entire revenue collection process.

3. Franchisee and Guarantor violated Section 9(I) of the Franchise Agreement by failing to have the Franchised Business be, at all times, under direct, day-to-day, fill-time supervision by the Guarantor or by an operating manager who has successfully completed the applicable training program as provided by Home Instead. It has come to Home Instead's attention that neither Guarantor nor a properly trained operating manager was full-time in the Franchised Business.

4. Franchisee failed to comply with Home Instead's mandatory specifications, standards, and operating procedures and failed to comply with Sections 9(E) and 9(F) of Franchise Agreement by being unresponsive to customers, the public in general and Home Instead related to the operations of the Franchised Business. Franchisee and Guarantor have failed to provide customers with the proper documentation related to services provided, has failed to return services deposits owed to customers, and has failed to respond to repeated attempts from Home Instead to discuss the Franchised Business.

The defaults listed above constitute a material breach of the Franchise Agreement giving rise to termination pursuant to the provisions of Section 16 of the Franchise Agreement and constitute grounds to terminate the Franchise Agreement, effective upon notice to Franchisee, without granting Franchisee an opportunity to cure the defaults, pursuant to Section 16(B) of each of the Franchise Agreement. Section 16(B) of the Franchise Agreement provides:

> Franchisee is deemed to be in material default of this Franchise Agreement and [Home Instead] may, at its option, terminate this Franchise Agreement and all rights granted without granting Franchisee any opportunity to cure the default, effective immediately upon notice to Franchisee, upon the occurrence of any of the following events:
>
> > (1) If Franchisee fails on three (3) or more separate occasions within the Term of this Franchise Agreement to comply with a material provision of the Franchise Agreement, whether or not failure to comply is corrected after notice is sent to Franchisee[.]

The defaults listed above mark the third time that Franchisee has been in material default of the Franchise Agreement during the Term.[1] These material defaults are, by their nature, incurable. Moreover, these material defaults constitute independent grounds for termination upon notice without opportunity to cure pursuant to Section 16(B) of each of the Franchise Agreements.

---

[1] See Notice of Termination from November 17, 2016, and Notice of Termination from May 2nd, 2019, and this Notice.

EXHIBIT 1

However, in addition to the provisions of the Franchise Agreement, because the Franchised Business is located in Wisconsin, the franchise relationship between the parties is also governed by the Wisconsin Fair Dealership Law, WIS. STAT. §§ 135.01 et. seq. (the "WFDL").  The WFDL provides that a franchisor may terminate a franchise agreement prior to the expiration of its term for good cause.  WIS. STAT. § 135.03.  The WFDL further provides that good cause includes the failure of the franchisee to comply substantially with essential and reasonable requirements imposed by the franchisor.  Id. at 135.02(4)(a).  WFDL provides that the franchisor must give the franchisee at least ninety (90) days' prior written notice of termination and sixty (60) days to rectify any claimed deficiencies Id.

The Franchise Agreement provides that notice of termination is deemed given one (1) business day after sending by telegraph or comparable electronic system. **Therefore, please take notice that if the above-described defaults are not cured, the Franchise Agreement shall be terminated and all rights granted therein will terminate, without further notice, effective ninety-one (91) days from the date of this Notice, for the material breach of the Franchise Agreement described above.** Upon termination of the Franchise Agreement, all post-termination provisions of the Franchise Agreement that survive termination shall remain in full force and effect.

Upon termination of the Franchise Agreement, if Franchisee fails to cure the above referenced defaults, all post-termination provisions of the Franchise Agreement that survive termination shall remain in full force and effect. Please feel free to contact me with any questions. Thank you for your time and attention to this matter.

Regards,

*Liz Peters Rollefson*

Liz Peters Rollefson
Counsel

cc:   Dave Banark, COO for US & Canada
      Jenna Berg, Director & Associate General Counsel
      Brian McCulloch, Business Performance Director
      Kerri Nikunen, Business Performance Manager

**EXHIBIT 1**